PER CURIAM.
Christopher Leonard Ruggiero [“Rug-giero”] appeals an order denying his request to enforce visitation, requiring all parties to submit to a psychological evaluation and holding him in contempt for failure to pay child support.
We find error only in one respect. Appellant, who has a long history of refusing to support his eight children and accruing large arrearages in child support, was found in contempt for failure to meet his child support obligations, which the court found he had the ability to pay. Appellant failed to carry his burden to show otherwise. The trial court ordered Ruggiero to jail or a purge alternative of $1,000. Case law requires a separate finding of the present ability to pay the purge amount,[1] which was not done, and the evidence in the record on this point is thin. Accordingly, we are bound to reverse on this issue and remand for further proceedings.
We note that rather than comply with the order, appellant left the State of Florida. We required compliance with the order as a condition of pursuing the appeal and appellant elected to comply by paying the purge amount.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN, PETERSON and PLEUS, JJ., concur.

. Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985).